# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-50916
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMELINDO ANGELES-TREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-131-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hermelindo Angeles-Trejo challenges his within-guidelines sentence of 37 months' imprisonment, imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He claims: his aggravated assault conviction was overemphasized by Sentencing Guideline § 2L1.2 (unlawfully entering or remaining with the United States), and, therefore, his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a); and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he should have been sentenced below the Guidelines range because of his benign motives for reentry.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Angeles challenges the substantive reasonableness of his sentence; therefore, as noted above, our review is for an abuse of discretion. Because Angeles' sentence was within the properly calculated Guidelines range, it is presumed to be reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Angeles' contention that § 2L1.2's emphasis on defendant's criminal history renders a sentence unreasonable is unconvincing. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009). His personal history and characteristics, including his motives for reentering the United States, are also insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Angeles has not demonstrated that the district court's imposition of a sentence at the bottom of the Guidelines range was an abuse of discretion.

Citing *Kimbrough v. United States*, 552 U.S. 85 (2007), Angeles also contends that his sentence should not be accorded a presumption of reasonableness because the illegal-reentry Guideline, § 2L1.2, is not supported by empirical data. He acknowledges, however, that this contention is foreclosed

by our court's precedent and raises it only to preserve it for further review.  *See*

*Duarte*, 569 F.3d at 529-31.

AFFIRMED.